UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FRANCES LaFRANCE and RICHARD VIATOR                           PLAINTIFFS

V.                                        CIVIL ACTION NO.1:07CV125 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
and FELICIA CRAFT-PALMER, ET AL.                              DEFENDANTS

## MEMORANDUM OPINION

The Court has before it three motions: Plaintiffs' motions [6] [15] seeking an order remanding this action to the Circuit Court of Hancock County, Mississippi; and Defendants' motion [33] to dismiss the plaintiffs' claims against Defendant Felicia Craft-Palmer (Palmer) individually. I will treat the motion to dismiss as a motion for summary judgment under Rule 56 because the parties have submitted evidence in the form of affidavits, and I will take this evidence outside the pleadings into consideration in deciding these motions on the merits. I will also consider this additional evidence in deciding the motions to remand. For the reasons set out below, the motion [36] to dismiss will be denied, and the original motion [6] to remand will be granted. Plaintiffs other motion [15] to remand will be denied as moot.

Plaintiffs Frances LaFrance (LaFrance) and Richard Viator (Viator) are the owners of residential property situated at 4009 Bank Street, Bay St. Louis, Mississippi. This property was damaged during Hurricane Katrina. At the time of the storm, the plaintiffs' property was insured under two policies:

> State Farm Fire and Casualty Company's (State Farm) homeowners policy number 24-B5-6078-3 provides limits of coverage of $166,100 (Dwelling), $16,610 (Dwelling Extension), $124,575 (Personal Property) and coverage for loss of use. This policy provides coverage for damage from windstorms, and it excludes coverage for flood damage. State Farm has tendered $21,868.47 in benefits under this homeowners policy, for damage to the plaintiffs' dwelling.

> State Farm policy number 24-RB-4234-2 is a flood insurance policy providing limits of coverage of $164,100 (Dwelling) and $15,600 (Personal Property). The limits of coverage under the flood policy have been paid, and that policy is not at issue in this litigation.

According to the affidavit of Bill Lovell (Lovell), Plaintiffs purchased both of these policies in 2000. The policies have been renewed annually since that time. Neither the complaint nor the affidavits of the parties allege or specify the time the negotiations for the current coverages transpired. Nor do the plaintiffs specify the date Palmer made the statements the plaintiffs allege to be actionable.

Plaintiffs filed this action in the Circuit Court of Hancock County, Mississippi, and the defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy. Plaintiffs' motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332. Both Plaintiffs and Palmer are resident citizens of Mississippi, and if Plaintiffs have stated a cause of action against Palmer, the complete diversity of citizenship necessary to establish this Court's subject matter jurisdiction is absent.

State Farm asserts that Plaintiffs have no valid grounds to proceed on their claims against Palmer and that Palmer has been improperly joined to defeat this Court's diversity jurisdiction. In order to evaluate these assertions, I must apply a very liberal standard. Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiffs all reasonable inferences in support of their claims based upon those facts. I must also resolve all doubtful issues of state law in favor of the plaintiffs. The complaint against the non-diverse defendant, Palmer, may be dismissed only if the facts the plaintiffs have alleged are insufficient, if proved, to establish a right of recovery against Palmer. *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) In reaching the merits of this matter the Court may consider evidence outside the pleadings and treat the motions as motions for summary judgment under F.R.Civ.P. 56. I will do so in this case, taking into consideration the affidavits of LaFrance, Palmer, and Lovell.

Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000). Thus, in order to establish that removal is proper, State Farm and Palmer must demonstrate that Plaintiffs have not alleged facts sufficient to support a reasonable belief that they may prevail on the merits of their claim against Palmer. The facts alleged must be sufficient to raise a claim for relief above the speculative level, assuming that all the facts alleged are true, even if those facts may be doubtful. *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Plaintiffs allege that Palmer stood in a fiduciary relationship with them at the time they did business, but Plaintiffs have alleged no facts which would support a finding that such a relationship existed. Since the relationship between an insurance agent and her customers is ordinarily not fiduciary in nature, in the absence of allegations of some special relationship between the parties, there is no basis for accepting the plaintiffs' legal conclusion that they stood in a fiduciary relationship with Palmer. *Gorman v. Southeastern Fidelity Ins. Co.*, 621 F.Supp. 33, 38 (S.D.Miss 1985)

aff'd 775 F.2d 655 (5th Cir.1985); *Lady v. Jefferson Pilot Life Ins. Co.*, 241 F.Supp.2d 655 (S.D. Miss. 2001)

Plaintiffs' substantive complaints against Palmer involve three basic allegations of misconduct that are set out in the complaint:

1) that Palmer misrepresented the terms of the State Farm policies she sold to Plaintiffs, by failing to tell Plaintiffs that their homeowners policy excluded coverage for flood damage (Complaint Paragraph 51) (Plaintiffs contend that Palmer's failure to give them this notification constitutes actionable negligence and an actionable misrepresentation of the coverage actually provided by the policy);

2) that Palmer "never suggested to Plaintiffs that the personal property coverage under their flood policy was at a much lower ratio to their structure coverage than normally sold." (Complaint Paragraph 15) (Plaintiffs contend that Palmer's failure to secure additional personal property coverage in the flood insurance policy constitutes actionable negligence); and

3) that Palmer "represented to Plaintiffs that they did not need additional home owner's [sic] coverage since the policy Plaintiffs purchased was a 'full replacement policy.'" (Complaint Paragraph 16) (Plaintiffs contend that Palmer's failure to give them this information concerning the availability of additional homeowners insurance coverage also constitutes actionable negligence).

These allegations are supplemented by a different and more specific allegation of misrepresentation set out in the affidavit of LaFrance. That separate allegation is more fully discussed below. The allegations set out in the complaint are more easily addressed:

In *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 438 (5th Cir.2007) the Court held that under Mississippi law an insured has an affirmative duty to read his policy and that the insured is charged with constructive knowledge of the contents of his policy whether he reads it or not. Under this holding, Plaintiffs are charged with knowledge of the flood damage exclusion in their homeowners policy, and Palmer's failure to invite their attention to that specific policy provision is not sufficient to establish actionable negligence on the part of Palmer.

The Plaintiffs do not allege that Palmer misinformed them concerning the availability of additional flood insurance coverage for their personal property, and since Palmer apparently secured the coverage Plaintiffs asked for, I do not believe Palmer's alleged failure to suggest that the plaintiffs secure additional flood coverage for their personal property, without more, can support a claim of negligence in the absence of any allegation that Palmer secured less coverage than Plaintiffs requested.

Even if Palmer never told the Plaintiffs that they should consider purchasing additional homeowners coverage, the complaint makes no allegation that Plaintiffs made any inquiry on this point or that Palmer was privy to any information not available to Plaintiffs.  Where no such inquiry is alleged, the mere failure to take the affirmative step of informing the prospective insured of the availability of additional coverage the insured has not requested is, in my opinion, insufficient to support a claim of negligence.  Something more is required.

According to the affidavit of Palmer, Plaintiffs "decided and approved the amount of coverage under the homeowners policy and the flood policy" (Palmer Affidavit Paragraph 4), and "Neither Frances LaFrance nor Richard Viator, Sr., requested flood insurance coverage for contents equal to that amount provided by their homeowners insurance coverage through my office prior to Hurricane Katrina." (Palmer Affidavit Paragraph 5)

The affidavit of LaFrance has been submitted as Exhibit Four to Plaintiffs' Motion To Remand and Motion for Emergency Hearing.  I have carefully read this affidavit to see whether it offers any additional details concerning the relationship between the Plaintiffs and Palmer or concerning the transactions leading to the purchase of Plaintiffs' State Farm policies.  The affidavit contains no additional information beyond the allegations of the complaint, except for the statement, in paragraph Six: "I specifically asked my insurance agent, Felicia Craft Palmer, why the coverage was so low.  She advised that I did not need additional contents coverage under my flood policy.  She told me that if water got that high it would be coming in through the windows and would be covered under my home owners' [sic] policy."

Under the standard I must apply to the issues before me, I must accept the statement in the LaFrance affidavit as true, and I must allow the plaintiffs all reasonable inferences in support of their claim.  While Palmer's alleged representation concerning the coverage provided by the homeowners policy is inconsistent with the terms of the policy itself, specifically with the flood exclusion, and would, under the holding of *Leonard* be insufficient to support a right of recovery, the alleged representation goes beyond merely describing coverage and is a representation by Palmer concerning the *relationship* between the homeowners policy coverage and the flood policy coverage.  If Palmer made this statement in response to an inquiry whether LaFrance should consider purchasing additional flood coverage for her personal property, the statement may constitute a misrepresentation sufficient to support a cause of action for negligent misrepresentation.

Negligent Misrepresentation Under Mississippi Law

Plaintiffs allege that Palmer made a representation to them that led them to believe it was not advisable to purchase additional flood insurance for the contents (personal property) in their insured dwelling.  Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

  1.  That there was a misrepresentation (or omission) of a fact;
  2.  That the misrepresentation (or omission) was material or significant;
  3.  That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
  4.  That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
  5.  That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  If the allegation in LaFrance's affidavit is accepted as true, and if the plaintiffs are granted all reasonable inferences in their favor, I cannot say, as a matter of law, that they have no reasonable factual basis to assert their claims against Palmer.

  Of course, the truth of LaFrance's allegation; the circumstances in which the two coverages were discussed; and the question whether the plaintiffs reasonably relied on Palmer's alleged misrepresentation are all questions for the finder of fact to decide after consideration of the evidence supporting the plaintiffs' claims and consideration of the evidence offered by the defense.  Likewise the issues related to the standard of care that applies to Palmer and whether her actions met that standard of care in connection with this alleged misrepresentation are questions that must be answered on a more complete record.  At this juncture, however, for the purpose of deciding whether an improper or fraudulent joinder has occurred, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

  Without venturing any opinion on the merits of the plaintiffs' claim for negligent misrepresentation, it appears to me that under the standards applicable to ascertaining whether an improper or fraudulent joinder has occurred, Palmer and State Farm have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Palmer under the plaintiffs' version of events.

  If Palmer's alleged misrepresentation occurred three or more years prior to the plaintiffs' loss, an action against Palmer for misrepresentation would be time-barred under the holding of *Leonard*.  Palmer and State Farm have the burden of proof on this point, and the date of the alleged misrepresentation has not been established in the record.

  Accordingly, I will grant the motion [6] to remand. I will deny the motion [33] to dismiss.  I will deny the plaintiffs' second motion [15] to remand as moot.  An appropriate order will be entered.

**DECIDED** this 7th day of March, 2008.

               s/ L. T. Senter, Jr.
               L. T. SENTER, JR.
               SENIOR JUDGE